[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Martha V. Conway, by writ, summons and complaint, dated January 2, 2001, is seeking, inter alia, a dissolution of her marriage to the defendant, Bruce E. Conway.
After a trial, the court, by a preponderance of the credible, relevant, reliable and legally admissible evidence and the reasonable, rational and lawful inferences to be drawn therefrom, finds, determines and rules as follows:
The plaintiff and defendant were lawfully married on December 30, 1978, in Stockport, New York.
The plaintiff has resided in the State of Connecticut for at least twelve months before the filing of this complaint.
The parties have two minor children, issue of their marriage, namely, Bryan Patrick Conway, born August 30, 1986, and Jack Bruce Van Dyck Conway, born, August 16, 1992.
No other children have been born to the plaintiff since the date of her marriage to the defendant.
None of the parties hereto, or their children are receiving any financial aid from any Government Agency.
The marriage of the parties has broken down irretrievably.
The parties have been married for 23 1/2 years.
The defendant resides in Colchester and visits with the children every other weekend. He is an engineer employed by Pratt Whitney where he earns $69,000.00 per year.
The plaintiff completed college and is qualified to teach. She has a potential earning capacity as a starting teacher of approximately $30,000.00 per year. CT Page 6796
Presently she is completing her qualifications to teach and works part-time and also is the principal care giver to her children.
In early 1996, the parties moved to Phoenix, Arizona where the defendant remained employed by Pratt Whitney and where he also took college courses that resulted in his promotion to his present salary range.
Since their move to Phoenix and since their return to Connecticut, the marriage of the parties has deteriorated with the parties drifting apart and failing to adequately communicate with each other.
The defendant apparently has a drinking problem sufficient to cause the plaintiff to become a member of Al-Anon which is a support program for relatives of alcoholics. Although both parties bear responsibility for the breakdown of the marriage, the court ascribes a greater degree of fault to the defendant because of his drinking and his inappropriate behavior while doing so, including advances to other women.
Based on the criteria established in Conn. Gen. Stats. 46b-81 and 46b-84, the court orders as follows:
The parties shall share joint legal custody of the minor children with primary residence and care with the plaintiff, mother subject to reasonable and liberal visitation rights in the defendant father The court will not mandate a specific visitation policy, but will leave it to the parties to reasonably share the company and rearing of the children with such flexibility that will be in the best interest of the children.
The defendant shall pay to the plaintiff as child support $247.00 per week and 52% of work related day care. Each party shall claim one child as a dependency tax exemption.
The defendant shall maintain the health, major medical and hospitalization insurance, as available through his employment, for the benefit of his children. He shall be responsible for 52% and the plaintiff shall be responsible for 48% of all unreimbursed medical and dental expenses of the children, all in accordance with Gen. Stat. Sec.46b-84 (e).
The defendant shall maintain life insurance in favor of each child in the minimum amount of $100,000.00 during the children's minority. The children shall be named as irrevocable primary beneficiaries.
The Tiffany gun cabinet shall be the property of the plaintiff free and clear of all claims of the defendant. CT Page 6797
The escrow account in the approximate amount of $44,000.00 shall be divided with $36,000.00 to the plaintiff and the balance to the defendant. The parties shall split the savings bonds between them.
The defendant shall pay to the plaintiff as periodic alimony the sum of $150.00 per week for a period of one year from the date of this judgment and thereafter a sum of $75.00 per week until the death or remarriage of the plaintiff or 10 years from the date of this judgment.
The retirement assets of the parties, namely, Vanguard, IRA, UTC Retirement Savings, Honeywell Keogh, Textron Keogh, Fidelity IRA, the marital portion of the Allied Signal and the Fidelity IRA, shall b e divided equally among the parties.
A decree may enter dissolving the marriage and incorporating therein the above distribution, awards and orders of the court.
 ___________________ DANIEL F. SPALLONE JUDGE TRIAL REFEREE